**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

LUIS JAVIER VILLANUEVA,

   **Plaintiff,**

                  **v.**                     **CIVIL NO.** 10-1127 (FAB)

UNITED STATES OF AMERICA,

   **Defendant.**

**OPINION & ORDER**

BESOSA, District Judge

        Before the Court is the motion to dismiss filed by defendant, (Docket No. 4), and a request to amend the complaint contained in plaintiff's opposition to that motion, (Docket No. 9).   Having considered the motion, plaintiff's opposition, and defendant's reply, the Court **GRANTS** the motion to dismiss, (Docket No. 4) and **DENIES** plaintiff's request to amend the complaint.

**DISCUSSION**

**I.    Background**

        **A.    Procedural History**

        On  February  17,  2010,  Luis  Javier  Villanueva ("Villanueva" or "plaintiff") filed a complaint against the United States.  (Docket No. 1.)  The complaint alleges that plaintiff was terminated from his employment as a custodial worker at the U.S. Coast Guard Exchange in Aguadilla, Puerto Rico, in violation of the Due Process clause of the Fifth Amendment.  Id. at ¶ 33.

On April 21, 2010, the United States ("defendant") filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"). (Docket No. 4.) Defendant's motion argues that: (1) plaintiff's claim is barred by sovereign immunity; and (2) although plaintiff cites to the Federal Tort Claims Act ("FCTA"), 28 U.S.C. § 1346, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, neither provide a waiver of sovereign immunity for plaintiff's claim sufficient to establish subject matter jurisdiction. See id. On June 6, 2010, plaintiff filed an opposition to the motion to dismiss, largely ignoring defendant's arguments regarding subject matter jurisdiction and requesting leave to amend the complaint to include a cause of action pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), against his former supervisors. (See Docket No. 9.) On June 8, 2010, defendant filed a reply. (Docket No. 12.)

## II. Legal Analysis

### A.    Standard under Federal Rule of Civil Procedure 12(b)(1)

Pursuant to Fed.R.Civ.P. 12(b)(1) ("Rule 12(b)(1)"), a defendant may move to dismiss an action for lack of subject matter jurisdiction. "As courts of limited jurisdiction, federal courts have the duty to construe their jurisdictional grants narrowly." Fina Air, Inc. v. United States, 555 F. Supp. 2d 321, 323 (D.P.R. 2008) (citing Alicea-Rivera v. SIMED, 12 F. Supp. 2d 243, 245

(D.P.R. 1998)).  Because federal courts have limited jurisdiction, the party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction.  See Murphy v. United States, 45 F. 3d 520, 522 (1st Cir. 1995) cert. denied, 515 U.S. 1144 (1995); Droz-Serrano v. Caribbean Records Inc., 270 F. Supp. 2d 217 (D.P.R. 2003).

**B.    Sovereign Immunity**

Defendant challenges subject matter jurisdiction on the basis of sovereign immunity.  (Docket No. 4.)  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994).  "Sovereign immunity is jurisdictional in nature . . . [and] the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'"  Id. (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)).  The complaint alleges two statutes that could conceivably provide the necessary waiver of the federal government's sovereign immunity:  (1) the FTCA; and (2) the APA.  For the reasons described below, the Court finds both alleged bases for subject matter jurisdiction to be inapplicable in the context of plaintiff's claim.

**1.    Jurisdiction pursuant to the FTCA**

The complaint cites to the FTCA as a jurisdictional basis for plaintiff's due process claim under the Fifth Amendment.

The relevant FTCA jurisdictional provision, 28 U.S.C. § 1346(b)

("Section 1346(b)") provides that:

> Subject to the provisions of Chapter 171 of this title, the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages,  . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, **if a private person**, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b) (emphasis added).

       In Federal Deposit Insurance Corp. v. Meyer, 510

U.S. 471, 475 (1994), the Supreme Court, focusing on the language

emphasized above,  held that a tort claim alleging constitutional

violations was not "cognizable" pursuant to the FTCA's

jurisdictional grant.  See also 28 U.S.C. § 1346.  Meyer stated

that in order to be actionable under section 1346(b), a plaintiff

"must allege, *inter alia*, that the United States 'would be liable

to the claimant' and 'a private person' 'in accordance with the law

of the place where the act or omission occurred.'"  Id. at 477.  In

the context of a tort based on constitutional violations, such an

allegation cannot be made.  See id. at 477-78.  Therefore, Meyer

concluded that "the United States simply has not rendered itself

liable under [the FTCA] for constitutional tort violations."

       The only claim alleged in the present complaint

relates to plaintiff's discharge, which he alleges was in violation

of the Fifth Amendment of the U.S. Constitution.  (<u>See</u> Docket No. 1.)  Because of that claim's constitutional nature, it falls outside of the scope of the FTCA.  Accordingly, plaintiff must look to some other source for a waiver of defendant's sovereign immunity.

### 2.   Administrative Procedure Act

The complaint also alleges jurisdiction pursuant to the APA.  (<u>See</u> Docket No. 1 at ¶ 2.)  Defendant argues, however, that the APA is inapplicable to the claim alleged by plaintiff because it is related to the termination of plaintiff's employment, which is lies exclusively within the scope of the Civil Service Reform Act ("CSRA").  (<u>See</u> Docket No. 4 at 6-10.)  Plaintiff does not address defendant's argument regarding the inapplicability of the APA in his opposition to the motion to dismiss.  (<u>See</u> Docket No. 9.)

The APA provides for judicial review of certain federal agency actions.  5 U.S.C. § 702.[1]  It further states that, in certain circumstances, "[t]he United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States."  <u>Id</u>.  The APA specifically limits its scope, however, stating that "[n]othing herein . . . confers authority to grant relief if any other statute that grants

---

[1] It should be noted that even if the APA could provide a basis for plaintiff's claim, the claim would be limited strictly to "relief other than money damages . . . ."  <u>See</u> 5 U.S.C. § 702.

consent to suit expressly or impliedly forbids the relief which is sought." Id.

In this case, it appears that the CSRA precludes any independent judicial relief for plaintiff's claim under the APA. See McAuliffe v. Rice, 966 F.2d 979, 981 (5th Cir. 1992). The CSRA "provides the exclusive mechanism for federal employees seeking redress of non-discriminatory personnel actions connected with federal employment." Hernandez v. Dep't. of the Army, 927 F. Supp. 570, 574 (D.P.R. 1996) (citing United States v. Fausto, 484 U.S. 439 (1988)). "Congress, through passage of the CSRA, provided federal employees with a comprehensive remedial scheme for addressing violations of rights in the federal employment relationship . . . , [which] supersedes any independent judicial remedy." Id. This comprehensive nature has been specifically applied to rule out judicial review of a federal employee's termination under the APA. See, e.g., McAuliffe, 966 F.2d at 981.

Because the complaint does not allege discrimination as the cause of his termination, it appears that plaintiff's claim falls under the scope of the CSRA. (See Docket No. 1); Hernandez, 927 F. Supp. at 574. Absent any other argument from plaintiff, it thus appears that his remedy against the United States for terminating his employment would lie under the CSRA. See McAuliffe, 966 F.2d at 981; Hernandez, 927 F. Supp. at 574. Therefore, the judicial review provision of the APA is inapplicable

and plaintiff's attempt to use the APA as a waiver of the federal government's sovereign immunity in this case is groundless.

### C.   Request to Amend the Complaint

Plaintiff's opposition to the motion to dismiss concludes with a request to amend the complaint to include a cause of action against his former supervisors pursuant to Bivens. (Docket No. 9.) At this stage of the proceedings, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed.R.Civ.P. 15(a)(2).  "The court should freely give leave when justice so requires."  Id.  "Reasons for denying leave include undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment."  United States ex rel. Gagne v. City of Worchester, 565 F.3d 40, 48 (1st Cir. 2009).

In the context of this case, granting leave to amend the complaint would be tantamount to restarting the proceedings.  As explained above, the United States retains its sovereign immunity with regard to the claim alleged in the complaint and plaintiff has suggested no amendment that would cure this defect.[2]  Plaintiff's only specific request for amendment is to add a Bivens action to the complaint against his former supervisors.  (See Docket No. 9

---

[2] Plaintiff requests that the United States remain in this case as a defendant even if the original claim is dismissed for lack of subject matter jurisdiction, but provides no legitimate explanation or legal argument for this proposition. (Docket No. 9 at 6.)

at 6.)  In essence, plaintiff requests to convert the complaint into an entirely new case with different defendants, different causes of action, and different legal theories for both sides.  If the Court were to grant leave to make such amendments, the nature of the proceedings would bear little in common with the original pleadings in this case.  Plaintiff failed to assert the proper causes of actions against the proper defendants and, at this stage of the proceedings, has waited too long to change the nature of the case so drastically.  Accordingly, plaintiff's request to amend the complaint, (Docket No. 9), is **DENIED**.

### CONCLUSION

For the reasons expressed above, the Court **GRANTS** the motion to dismiss for lack of subject matter jurisdiction, (Docket No. 4), and **DENIES** plaintiff's request to amend the complaint.

This case is therefore **DISMISSED, with prejudice.**  Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, September 30, 2010.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE